IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| RICHARD DAVID GORDON § | |
| VS. § | CIVIL ACTION NO. 1:04cv627 |
| UNITED STATES OF AMERICA § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Richard David Gordon, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Discussion

"To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citation omitted). A § 2241 petition must be filed in the district where the petitioner is incarcerated. *Id.*

Petitioner submitted this petition for writ of habeas corpus to the United States District Court for the District of Columbia. Because petitioner was confined at the Federal Prison Camp in Montgomery, Alabama when the petition was filed, the petition was transferred to the United States District Court for the Middle District of Alabama.

While the petition was assigned to the Middle District of Alabama, the magistrate judge recommended transfer of the petition to this court based on petitioner's subsequent transfer to a half-way house in Beaumont, Texas located

within the jurisdictional boundaries of the Eastern District of Texas.  However, prior to adoption of the report, petitioner filed a change of address indicating he was no longer in Beaumont, Texas, instead petitioner was then residing in Deerfield Beach, Florida.

Deerfield Beach, Florida is located in Broward County, Florida.  Pursuant to 28 U.S.C. § 89, Broward County is located in the Southern District of Florida.  As petitioner was neither incarcerated in the Eastern District of Texas when the case was transferred to this court nor incarcerated in this district when the petition was filed, this court is without jurisdiction to consider petitioner's petition for writ of habeas corpus; subject-matter jurisdiction cannot be waived.  *See DeCell & Associates v. F.D.I.C.*, 36 F.3d 464, 471 (5th Cir. 1991).

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought.  Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion.  *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

After considering the circumstances, the court has determined that the interests of justice would best be served if this petition were transferred to the district

in which the petitioner is confined rather than dismissed the case for lack of jurisdiction.  An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

    SIGNED this 15th day of May, 2005.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE